18-0414-cv
*Cortes v. 21st Century Fox America, Inc., et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand eighteen.

PRESENT:
>PIERRE N. LEVAL,
>SUSAN L. CARNEY,
>>*Circuit Judges*,
>KATHERINE POLK FAILLA,
>>*District Judge.*\*

_____

FRANCISCO CORTES,

>*Plaintiff-Appellant*,

>>v.                                                            No. 18-0414-cv

21ST CENTURY FOX AMERICA, INC., TWENTY-FIRST CENTURY FOX, INC.,

>*Defendants-Appellees,*

JOHN DOE, JANE DOE,

>*Defendants.*

_____

_____

\* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                                J. A. SANCHEZ-DORTA, Esq., New York, NY.

FOR APPELLEES:                                LINDA C. GOLDSTEIN, (Andrew J. Levander, Nicolle L. Jacoby, *on the brief*), Dechert LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 11, 2018, is **AFFIRMED.**

Plaintiff-appellant Francisco Cortes appeals from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*) dismissing under Federal Rule of Civil Procedure 12(b)(6) his breach of contract, fraud, defamation, and related claims against defendants-appellees 21st Century Fox America, Inc., and Twenty-First Century Fox, Inc. (collectively, "Fox"). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

**I.**

The facts presented here are drawn from the allegations in Cortes's First Amended Complaint, which we accept as true for purposes of reviewing a motion to dismiss. *See Rayner v. E*TRADE Fin. Corp.*, 899 F.3d 117, 118 n.1 (2d Cir. 2018).

Cortes is a former vice president of Fox News Latino, a division of Fox News Network, LLC ("Fox News"), itself a Fox subsidiary. In the autumn of 2016, Tamara Holder, a Fox News contributor, reported to Fox News that Cortes had sexually assaulted her in his office in or around February 2015. Cortes was terminated shortly thereafter, and on November 8, 2016, he executed a separation agreement with Fox that included a mutual non-disparagement clause. Sometime after Cortes's termination but before January 1, 2017, Holder delivered a draft complaint to Fox presenting her legal claims against Fox stemming

2

from the incident with Cortes. In February 2017, Fox paid $2.5 million to settle these and other claims.

This case arises from the related settlement agreement that Holder, Fox, and Cortes entered into in February 2017 (the "Agreement"). Cortes executed the Agreement only as to its Paragraphs 6(c) and 12, which we describe below; the remainder of the Agreement was redacted from his execution copy.

In Paragraph 6(c), Cortes discharged any and all claims that he might have had against Holder through the effective date of the Agreement. In Paragraph 12, Holder agreed to refrain from disparaging any "Released Party," and Fox, Cortes, and one other individual (whose name was redacted) similarly agreed to refrain from disparaging Holder. The names of that individual and of one other signatory to the Agreement were redacted, and Cortes alleges that they are unknown to him.

On March 8, 2017, not long after the Agreement was executed, the *New York Times* published an article entitled, "Fox Is Said to Settle with Former Contributor Over Sexual Assault Claims." The article recounted Holder's allegations against Cortes—one subject of the Agreement—in some detail. App'x 102–09.

On July 25, 2017, Cortes sued Fox, alleging seven causes of action stemming from the Agreement and the publication of the article. On August 7, 2017, Cortes filed his First Amended Complaint, superseding his earlier filing. In the First Amended Complaint, he alleged primarily that a joint statement reported in the *New York Times* article to have been made by Fox and Holder defamed him; that Fox breached the Agreement by disparaging him through this statement; and that Fox had made fraudulent misrepresentations to him to induce him to sign the Agreement. The District Court dismissed the First Amended Complaint in toto for failure to state a claim.

On appeal, Cortes concedes that "with the exception of the [District Court's] view of what constitutes [fraudulent misrepresentation], it is difficult to argue with the lower court's view of the law on the remaining causes of action." App't Br. 19. In his brief, he presents no discernible arguments challenging the District Court's dismissal of the claims other than his

3

claim for fraud or fraudulent misrepresentation. Accordingly, he has waived any appeal as to these claims. *See, e.g.*, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.")

Cortes's only remaining claim on appeal, then, sounds in fraud. Although he characterizes this claim as one of "fraudulent misrepresentation" in the First Amended Complaint, we understand it to be one of fraudulent inducement. Broadly speaking, Cortes seems to allege that he was fraudulently induced into signing the Agreement, and that the nondisparagement clause found in Paragraph 12 prevented him from responding to the statements reported in the *New York Times* article. On appeal, he takes issue with the District Court's dismissal of this claim for failing to identify any allegedly fraudulent statements with particularity. Cortes argues that he has adequately pleaded fraud because the defendants "intentionally misrepresented their intentions regarding their desire to comply with their contractual obligations" under the Agreement. App't Br. 3. He further contends that the District Court erred in dismissing this claim because a fraud may be effectuated by a "trick, device, or scheme," as well as by an express written or oral misrepresentation, *id.* at 26–27, implying that his allegations therefore sufficed in the face of the motion to dismiss.

To state a claim for fraudulent misrepresentation under New York law, a plaintiff must "allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006). Similarly, to state a claim for fraudulent inducement under New York law, a plaintiff must allege "(1) a representation of material fact, (2) which was untrue, (3) which was known to be untrue or made with reckless disregard for the truth, (4) which was offered to deceive another or induce him to act, and (5) which that other party relied on to its injury." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 580 (2d Cir. 2005). Federal Rule of Civil Procedure 9(b) requires that, to be pursued in federal court, any such claims be pleaded with particularity; that is, they must "(1) specify the statements that the plaintiff contends were

4

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner*, 459 F.3d at 290 (citation omitted).

Cortes's First Amended Complaint fails to identify with particularity any material statements, representations, or other acts or conduct (including any "trick, device, or scheme") that he alleges to be false or untrue. It therefore fails to meet Rule 9(b)'s particularity requirement. Moreover, as the District Court correctly concluded, Cortes also failed to allege plausibly that he detrimentally relied on Fox's representations, because he was already bound by a nondisparagement clause in his own separation agreement, and it covered former Fox News employees such as Holder.[1] He does not allege that Fox fraudulently induced him to enter into his separation agreement. Cortes's allegations thus fall well short of Rule 9(b)'s particularity standard, and, accordingly, we affirm the District Court's dismissal of the First Amended Complaint for failure to state a claim.

## II.

We see a deeper problem with Cortes's appeal, however: it is patently frivolous. Cortes's rambling brief on appeal consists largely of new and irrelevant factual allegations that a prominent Fox personality was one of the redacted signatories to the Agreement. These allegations were never presented to the District Court in any form, and therefore are not properly before us. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 146 (2d Cir. 2001) ("In the absence of manifest injustice, we will not hear . . . an assertion [not raised in the district court]."). Moreover, the possible identity of other interested parties to the Agreement has not the slightest bearing on the grounds on which the First Amended Complaint was dismissed: as described above, Cortes's failure to plead plausibly that Fox's statement to the *New York Times* was defamatory, that Fox disparaged him in breach of the Agreement, or

---

[1] The District Court was entitled to consider Cortes's separation agreement when adjudicating Fox's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) because Cortes referenced preexisting "contractual obligations" in the First Amended Complaint, which, in context, are reasonably read to include the separation agreement. *See Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 565–66 (2d Cir. 2006) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss[.]").

that Fox fraudulently induced him to sign the Agreement. *Cortes v. Twenty-First Century Fox Am., Inc.*, 285 F. Supp. 3d 629, 636–42 (S.D.N.Y. 2018).

Instead of articulating a good-faith legal claim, Cortes's counsel appears to have used this appeal to engage in stream-of-consciousness speculation about Fox's allegedly nefarious motives for securing Cortes's signature on the Agreement, speckling his brief with impertinent references to popular books about the financial industry, the Spanish Inquisition, and, improbably, the Bolivian gas conflict of 2003. We note that this is not the first time that Cortes's counsel has engaged in similar conduct. *See Charles v. Levitt*, 716 F. App'x 18, 20 (2d Cir. 2017) (affirming a district court's imposition of a $1,000 sanction against Cortes's counsel for filing a complaint that was "shot-through with plainly irrelevant, absurd, and/or scurrilous statements").

We find that Cortes's appeal is frivolous and "was brought without the slightest chance of success." *Gallop v. Cheney*, 642 F.3d 364, 370 (2d Cir. 2011) (citation omitted). Upon making such a determination, Federal Rule of Appellate Procedure 38 permits us to "award just damages and single or double costs to the appellee," upon "notice from the court and reasonable opportunity to respond." *See also* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (discussing the "inherent power" of the court to impose sanctions on a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (citation omitted). Rule 38, 18 U.S.C. § 1927, and our inherent authority permit the Court, "with adequate notice and opportunity to be heard, [to] impose sanctions *nostra sponte*," even where no party has asked us to do so. *Gallop*, 642 F.3d at 370.

Because we believe this appeal to be frivolous and his brief on appeal to be "plainly irrelevant, absurd, and/or scurrilous," *see Charles*, 716 F. App'x at 20, we order Cortes's

counsel to show cause within 30 days why he should not pay damages, attorney's fees and twice appellees' allowable costs."[2]

* * *

We have considered Cortes's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the District Court is **AFFIRMED**. Cortes's counsel is to show cause within 30 days as to why he should not be sanctioned.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Cortes's counsel's conduct is also sanctionable because his brief on appeal reveals confidential discussions with opposing counsel and a court mediator that took place within the context of the Civil Appeals Mediation Program ("CAMP"). This violates Local Rule 33.1(e), which states that "attorneys and other participants are prohibited from disclosing what is said in a CAMP proceeding to anyone other than clients, principals or co-counsel, and then, only upon receiving due assurance that the recipient will honor confidentiality." *See also In re Teligent, Inc.*, 640 F.3d 53, 58 (2d Cir. 2011) (noting that we "vigorously enforce" these provisions, because confidentiality is "essential to CAMP's vitality and effectiveness").